UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TAMMY LASKOWSKI, individually
and on behalf of all other persons
similarly situated who were employed
by St. Camillus Health and Rehabilitation
Facility and/or any other entities affiliated
with or controlled by St. Camillus Health
and Rehabilitation Facility,

     Plaintiff,

    -v-        5:22-CV-799

ST. CAMILLUS NURSING HOME
COMPANY, INC., and any related
entities doing business as St. Camillus
Health and Rehabilitation Facility,
and ST. CAMILLUS HEALTH CARE
FACILITY, and any related entities
doing business as St. Camillus Health
and Rehabilitation Facility,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:      OF COUNSEL:

VIRGINIA & AMBINDER LLP  ALANNA ROSE SAKOVITS, ESQ.
Attorneys for Plaintiff     LaDONNA LUSHER, ESQ.
40 Broad Street, 7th Floor   MICHELE A. MORENO, ESQ.
New York, NY 10004

GATTUSO & CIOTOLI, PLLC  FRANK S. GATTUSO, ESQ.
Attorneys for Plaintiff     RYAN G. FILES, ESQ.
The White House
7030 East Genesee Street
Fayetteville, NY 13066

BARCLAY DAMON LLP                    BRIENNA L. BRAMAN, ESQ.
Attorneys for Defendants             MICHAEL J. MURPHY, ESQ.
80 State Street
Albany NY, 12207

DAVID N. HURD
United States District Judge

## DECISION & ORDER

## I. INTRODUCTION

On July 7, 2022, plaintiff Tammy Laskowski ("Laskowski" or "plaintiff"), a Licensed Practical Nurse, filed this putative class action on behalf of herself and a class of similarly situated healthcare providers who were employed by defendants St. Camillus Nursing Home Company, Inc. and St. Camillus Residential Health Care Facility ( "St. Camillus" or "defendants").

Broadly speaking, plaintiff's complaint alleges that defendants violated the Fair Labor Standards Act ("FLSA") and related New York Labor Law ("NYLL") by, *inter alia*, deducting time for meal breaks from certain hourly workers regardless of whether or not they took a full or partial break. *Id.*

On February 26, 2024, Laskowski moved under the FLSA and Federal Rule of Civil Procedure ("Rule") 23 for conditional certification of the FLSA claims and class certification of the NYLL claims. Dkt. No. 39. Plaintiff has also moved to amend her class complaint to substitute one NYLL claim for another. *Id.* The motion has been fully briefed and will be considered on the basis of the submissions without oral argument.

- 2 -

## II. __BACKGROUND__[1]

From September 2015 to October 2020, Laskowski was employed by St. Camillus as a Licensed Practical Nurse.  Compl. ¶ 10; Ex. D to Lusher Aff., Dkt. No. 39-5 ¶ 2.  Plaintiff cared for residents, administered medication, and assisted with transfers and charting.  Ex. D to Lusher Aff. ¶ 5.

St. Camillus required Laskowski and other similarly situated workers to attend to the facility's residents at all times during their scheduled shifts and to document everything in medical charts.  Ex. D to Lusher Aff. ¶ 6.  Plaintiff and her coworkers were not allowed to leave defendants' healthcare facility until all of the residents' medical charts were up to date and another nurse arrived to take over their duties.  *Id.* ¶¶ 6–7.

Due to the minimal staff on duty to assist with the demanding workload, Laskowski and her coworkers frequently worked during their meal breaks and past their scheduled shift hours to finish their duties and to document the residents' medical charts.  Ex. D to Lusher Aff. ¶¶ 8–9.

But St. Camillus only paid plaintiff and her coworkers for their scheduled shift times and did not pay them a higher rate of compensation for overtime hours.  Ex. D to Lusher Aff. ¶¶ 13, 15.  St. Camillus also deducted one-half hour of pay from Laskowski and her coworkers' wages each shift for meal

---

[1] The following facts are taken from Laskowski's complaint and the declarations and exhibits plaintiff has submitted in support of her motion.

breaks, regardless of whether they took a break.  *Id.* ¶¶ 14, 15.  Plaintiff

maintains that this conduct violated the FLSA and NYLL.  Compl. ¶¶ 2–3.

## III. <u>LEGAL STANDARD</u>

### A. <u>Rule 23 – Class Certification</u>

A plaintiff seeking class certification "must affirmatively demonstrate"

their compliance with Rule 23's requirements by a preponderance of the

evidence.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *see also*

*Teamsters Loc. 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d

196, 202 (2d Cir. 2008).

First, a plaintiff must satisfy four baseline requirements: "(1) numerosity;

(2) commonality; (3) typicality; and (4) adequacy of representation."  *Glatt v.*

*Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 538 (2d Cir. 2016).  Second, a

plaintiff must show that one of the three subcategories of permissible class

actions under Rule 23(b) fit their case.  *See* FED. R. CIV. P. 23(b).  Third and

finally, the Second Circuit has recognized an implicit requirement of

ascertainability, which demands that a class "be defined using objective

criteria that establish a membership with definite boundaries."  *In re*

*Petrobras Sec.*, 862 F.3d 250, 264 (2d Cir. 2017).

### B. <u>FLSA Class Certification</u>

The FLSA was enacted "in order to correct 'labor conditions detrimental to

the maintenance of the minimum standard of living necessary for health,

efficiency, and general well-being of workers.'" *Flood v. Just Energy Mktg. Corp.*, 904 F.3d 219, 227 (2d Cir. 2018) (quoting 29 U.S.C. § 202(a)).

"To that end, the FLSA imposes substantive wage, hour, and overtime standards, including requirements for the payment of a minimum wage and for time-and-a-half overtime pay for hours worked in excess of 40 hours during a week." *Id.* (citing 29 U.S.C. §§ 206(a), 207(a)(1)).

Section 216(b) of the FLSA permits an employee aggrieved by a violation of the statute to maintain a collective action against an employer "for and on behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b); *see also Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 515 (2d Cir. 2020).

A collective action under the FLSA differs from a class action under Rule 23 because a plaintiff seeking conditional certification of a collective action need not establish the Rule 23 requirements of numerosity, commonality, typicality, or representativeness. *Wilk v. Quality Installations of NY, Inc.*, -- F. Supp. 3d--, 2024 WL 1169024, at *3 (E.D.N.Y. Mar. 19, 2024) (citing *Ahmed v. T.J. Maxx Corp.*, 2013 WL 2649544, at *7 (E.D.N.Y. June 8, 2013)).

Additionally, unlike a class action under Rule 23, in which potential class members are parties to a suit unless they affirmatively opt-out to avoid being bound by a judgment, only potential members of a collective action who affirmatively opt-in by filing a written consent to join the action can be bound

by a judgment.  *Id.* (citing *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013); *Sanchez v. Clipper Realty, Inc.*, 2024 WL 3159821, at *4 (S.D.N.Y. June 25, 2024)).

## IV.  **DISCUSSION**

Laskowski has moved under Rule 23 to certify this case as a class action under Rule 23 and under the FLSA to conditionally certify this case as a collective action.  Pl.'s Mem., Dkt. No. 39-17 at 10.[2]  Plaintiff has also moved for leave to file an amended complaint that substitutes one of her state-law NYLL claims for another, slightly different NYLL claim.  *Id.* at 34–35.

### A.  **Motion to Amend**

Laskowski seeks leave to file an amended complaint.  Pl.'s Mem. at 34–35. In doing so, plaintiff requests permission to remove her third claim; *i.e.*, for failure to provide annual wage notices under the NYLL 195(1), and replace it with a claim for failure to provide accurate pay statements under the NYLL 195(3).  *Id.* at 34.  Plaintiff argues that leave should be granted because she "simply seek[s] to correct an inadvertent drafting error," and defendants will not be prejudiced should the request be granted.  *Id.*

Rule 15(a)(2) provides that leave to amend should be freely given "when justice so requires."  FED. R. CIV. P. 15(a)(2).  Under this liberal standard, a

---

[2]  Pagination corresponds to CM/ECF header.

court should not deny a motion for leave to amend unless there is "a showing of 'undue delay, bad faith, dilatory motive, [or] futility.'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)).

The scheduling order entered by the Magistrate Judge in this case set a deadline of 8/25/2023 for any requests to amend the pleadings. *See* Dkt. No. 14. Where, as here, a scheduling order sets out a deadline for amending the complaint, and a plaintiff moves to amend after that deadline has expired, the more lenient standard under Rule 15(a) must be balanced against the requirement under Rule 16(b) that the court's scheduling order shall not be modified except upon a showing of good cause. *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (citing *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003)). Whether good cause exists depends principally on the plaintiff's showing of diligence. *Id.* (citing *Grochowski*, 318 F.3d at 86).

Upon review, Laskowski's request to file an amended complaint will be granted. Although the period of time between plaintiff's filing of this action and her belated request to amend tends to suggest that she did not act with the utmost diligence, "in the exercise of its discretion under Rule 16(b)," a court may "consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will

prejudice defendants." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

In short, St. Camillus has not established that they will be meaningfully prejudiced if leave to amend is granted at this relatively early stage. The parties have completed some class discovery, but they have yet to complete fact discovery as to the underlying merits of the claims. Thus, because the relevant considerations weigh slightly in favor of allowing plaintiff to amend, plaintiff's motion to file her amended complaint will be granted.

### B. **Rule 23**

Laskowski has moved under Rule 23 to certify her NYLL claims. Pl.'s Mem. at 19–33. Plaintiff seeks to certify a class of all current and former employees of St. Camillus "who worked as Licensed Practical Nurses, Nursing Assistants, Personal Care Assistants, Registered Nurses and other personal care support employees from July 27, 2016 to the present[.]" *Id.* at 10. In particular, plaintiff seeks class certification pursuant to Rule 23(b)(3), which requires a showing that (1) "questions of law or fact common to class members predominate over any questions affecting only individual

members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  FED. R. CIV. P. 23(b)(3).

## 1.  **Numerosity**

The first element of class certification under Rule 23(a) is numerosity, which requires a plaintiff to demonstrate that "the class is so numerous that joinder of all members is impracticable."  FED. R. CIV. P. 23(a)(1).

Generally, numerosity is presumed when there are forty or more potential class members.  *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)).  But the overarching question of practicability turns on all of the circumstances surrounding a particular case.  *Raymond v. N.Y.S. Dep't of Corr. & Cmty. Supervision*, 579 F. Supp. 3d 327, 336 (N.D.N.Y. 2022) (quoting *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993)).  The relevant considerations include judicial economy, the geographic dispersion of class members, the financial resources of class members, and the class members' ability to sue separately.  *Id.* (citing *Robidoux*, 987 F.2d at 936).

Upon review, Laskowski has satisfied the numerosity requirement of Rule 23.  Plaintiff's submissions establish that during the relevant period, the total number of putative class members employed by St. Camillus was 994.  Ex. K to Lusher Aff., Dkt. No. 39-12 ¶ 23.  This amount exceeds forty potential class members, and thus, numerosity is presumed.  In addition, consolidating a class action of this size serves judicial economy because adjudicating all

putative class members' claims in one action will eliminate the significant burden on the Court and the parties that would arise if each individual case were litigated separately.  Accordingly, plaintiff has satisfied the numerosity requirement of Rule 23.

## 2. **Commonality**

The second element of class certification under Rule 23(a) is commonality, which requires a plaintiff to show that there "are questions of law or fact common to the class."  FED. R. CIV. P. 23(a)(2).

Whether this element is satisfied "turns on the ability of the action to 'generate common *answers* apt to drive the resolution of the litigation.'"  *Elisa W. v. City of N.Y.*, 82 F.4th 115, 123 (2d Cir. 2023) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).  Thus, commonality will be satisfied "if there is a question such that 'determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'"  *Id.* (quoting *Wal-Mart Stores, Inc.*, 564 U.S. at 350).

Upon review, Laskowski has satisfied this requirement.  Defendants argue that plaintiff cannot show commonality because: (1) plaintiff, and the two potential plaintiffs who submitted declarations, did not work for defendants during the entire class period; and (2) the class is composed of personal care assistants and other personal care support positions, but plaintiff has not

provided any documentation from employees with those positions. Defs.' Opp'n at 13.

These arguments will be rejected. Class members need to be similarly situated, not identical. An overarching question of law or fact common to the class is typically enough. *V.W. by & through Williams v. Conway*, 236 F. Supp. 3d 554, 574 (N.D.N.Y. 2017) (collecting cases). Besides, challenges to labor policies tend to be amenable to this type of class-wide proof, and thus, commonality is typically satisfied in wage cases where the plaintiff alleges that there was a common policy of unlawful labor practices. *Carollo v. United Cap. Corp.*, 528 F. Supp. 3d 37, 54 (N.D.N.Y. 2021) (citing *Balverde v. Lunella Ristorante, Inc.*, 2017 WL 1954934, at *6 (S.D.N.Y. May 10, 2017)).

Plaintiff has identified a common policy or practice; *i.e.*, that defendants engaged in the unlawful policy or practice of failing to compensate plaintiff and other similarly situated workers for certain hours worked. Compl. ¶¶ 2–3. To substantiate the fact of this common policy or practice, plaintiff and two potential class members submitted declarations asserting that defendants failed to provide its employees with overtime compensation and deducted one-half hour of pay from employees' wages each shift regardless of whether a break was taken. *See* Ex. D to Lusher Aff. ¶¶ 13–21; Ex. E to Lusher Aff., Dkt. No. 39-6 ¶¶ 13–20; Ex. F to Lusher Aff., Dkt. No. 39-7 ¶¶ 12–19. Plaintiff has also submitted employment records detailing actual

hours worked by employees in comparison to hours reported by defendants. *See* Ex. J to Lusher Aff., Dkt. No. 39-11.  These records tend to demonstrate that defendants did not compensate employees for all hours worked.  Pl.'s Mem. at 24.  In sum, plaintiff's submissions are sufficient to support a finding that there is an issue common to potential class members.  Accordingly, plaintiff has satisfied the commonality requirement of Rule 23.

### 3.  **Typicality**

The third element of class certification is typicality, which requires a plaintiff to demonstrate that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  FED. R. CIV. P. 23(a)(3).

This element "is satisfied 'when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"  *Carollo*, 528 F. Supp. 3d at 55 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).  "Generally speaking, minor variations in the fact patterns underlying the individual claims will not preclude a finding of typicality unless there are 'unique defenses' that threaten to become the focus of the litigation."  *V.W. by*

*& through Williams*, 236 F. Supp. 3d at 576 (citing *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 59 (2d Cir. 2000)).

Upon review, Laskowski has satisfied the typicality requirement of Rule 23.  Defendants raise essentially the same argument that they did regarding commonality; *i.e.*, that typicality is not met because: (1) plaintiff, and the two potential plaintiffs who submitted declarations, did not work for defendants during the entire class period; and (2) the class is composed of personal care assistants and other personal care support positions, but plaintiff has not provided any documentation from employees with those positions.  Defs.' Opp'n at 13.

This argument will also be rejected.  The variations between plaintiff, the two potential plaintiffs, and the class members do not "threaten to become the focus of the litigation."  *V.W. by & through Williams*, 236 F. Supp. 3d at 576 (citing Baffa, 222 F.3d at 59).  Plaintiff and the members of the putative class are defendants' current or former employees.  Plaintiff's claims, and those of the putative class, arise from defendants' alleged policy or practice of depriving its employees of compensation for hours that they worked.  *See*

Compl. ¶¶ 1–5.  Accordingly, plaintiff has satisfied Rule 23's typicality requirement.

### 4. __Adequacy of Representation__

The fourth element of class certification is adequacy of the representation, which requires a plaintiff to show that "the representative parties will fairly and adequately protect the interests of the class."  FED. R. CIV. P. 23(a)(4). This element "serves to uncover conflicts of interest between named parties and the class they seek to represent."  *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157–58 n.13 (1982)).

"A proposed class representative is adequate if she has 'an interest in vigorously pursuing the claims of the class' and has 'no interests antagonistic to the interests of other class members.'"  *Carollo*, 528 F. Supp. 3d at 55 (quoting *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 249 (2d Cir. 2011)).  In addition, counsel must be "qualified, experienced and able to conduct the litigation."  *Baffa*, 222 F.3d at 60 (citing *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d at 291).

Upon review, Laskowski has satisfied this requirement.  Defendants argue that plaintiff cannot show adequacy because her affidavit fails to state "her intent to represent the interests of the proposed class, to prosecute the action vigorously, that she has a financial interest in pursuing the litigation to

completion, or that she has no conflicts with the proposed class members," and because she "has not adequately demonstrated that she is familiar with the pleadings of facts in this case." Defs.' Opp'n at 9, 14–15.

This argument will be rejected. Plaintiff has expressed an interest in representing the class in an attempt to recover the unpaid wages due to them. *See* Ex. D to Lusher Aff. ¶¶ 6–22. Likewise, the class counsel "has extensive experience prosecuting wage and hour class and collective actions and have represented thousands of workers to recover unpaid wages in Federal and State Courts." Lusher Aff. ¶¶ 10–14.

In short, plaintiff has expressed an interest in representing the class, and defendant has failed to set forth any reason to believe that plaintiff's failure to include these particular statements establishes she will not adequately protect the interest of the class. Accordingly, plaintiff has satisfied Rule 23's adequacy of representation requirement.

## 5. **Ascertainability**

Implicit in Rule 23(a) is the requirement that membership of the class be ascertainable, which "demands that a class be 'sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.'" *In re Petrobras Sec.*, 862 F.3d at 260 (quoting *Brecher v. Republic of Arg.*, 806 F.3d 22, 24 (2d Cir. 2015)). "A class is ascertainable when defined by objective criteria that are administratively

feasible and when identifying its members would not require a mini-hearing on the merits of each case." *Brecher*, 806 F.3d at 24–25 (internal quotation and citation omitted).  In employment matters such as this one, courts have found ascertainability satisfied where class members are readily identifiable using documentation, such as employment records.  *Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61, 77 (S.D.N.Y. 2018) (collecting cases).

Upon review, Laskowski has satisfied Rule 23(a)'s implicit requirement of ascertainability.  Plaintiff's class definition—current or former employees of St. Camillus "who worked as Licensed Practical Nurses, Nursing Assistants, Personal Care Assistants, Registered Nurses and other personal care support employees from July 27, 2016 to the present"—provides objective criteria and allows for potential class members to be readily identifiable via employment records.  Plaintiff has shown that the class is sufficiently definite, and thus, has satisfied the ascertainability requirement.  Accordingly, plaintiff has adequately proven that her claims meet the requirements of Rule 23(a).

**6.  Predominance & Superiority**

Lastly, Rule 23(b) requires a plaintiff to demonstrate that one of the three subcategories of permissible class actions under Rule 23(b) fit the particular case.  *See* FED. R. CIV. P. 23(b).  Plaintiff seeks class certification pursuant to Rule 23(b)(3).  Pl.'s Mem. at 26–28.  Class certification under Rule 23(b)(3) is proper if (1) "questions of law or fact common to class members predominate

over any questions affecting only individual members" and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3).

"The 'predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016). "Thus, the requirement is satisfied 'if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof.'" *Myers*, 624 F.3d at 547 (quoting *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002)).

Laskowski has satisfied Rule 23(b)(3)'s predominance requirement. She has alleged a common policy; *i.e.*, that defendants engaged in the unlawful practice of failing to compensate its employees for all hours worked. Compl. ¶¶ 2–3. In support of her allegations, plaintiff has set forth evidence tending to show that class members were subject to this policy. *See* Ex. D to Lusher Aff. ¶¶ 13–21; Ex. E to Lusher Aff. ¶¶ 13–20; Ex. F to Lusher Aff. ¶¶ 12–19. Whether defendants deprived its employees of compensation due to this policy can be determined from common proof, such as employment records.

In determining whether superiority is met, a court must consider several factors, including (1) the class members' interests in individual control over

their claims; (2) the extent and nature of previously existing litigation by and against the class members; (3) the desirability of concentrating the litigation in one forum; and (4) the likely difficulties in managing a class action.  FED. R. CIV. P. 23(b)(3)(A)–(D).

Laskowski has also satisfied Rule 23(b)(3)'s superiority requirement.  It is unlikely that the class members would bring individual lawsuits because the amount of potential recovery is low and likely to be outweighed by the cost of litigation.  Moreover, it is likely that many class members are still employed by defendants and are therefore unwilling to bring individual claims for fear of retaliation.  Notably, courts routinely find that "a class action is superior where, as here, potential class members are aggrieved by the same policy, the damages suffered are small in relation to the expense and burden of individual litigation, and many potential class members are currently employed by the defendants." *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 126 (S.D.N.Y. 2014) (collecting cases).

Thus, plaintiff has demonstrated that class certification is the superior mechanism for managing the claims of the class, and therefore has satisfied the superiority requirement.[3]  Plaintiff has adequately proven each element

---

[3] Defendants argue that Laskowski has failed to show that superiority because, since she has not met "the numerosity requirement, this matter would be more suited to pursue viable avenues of redress in a multi-plaintiff case, individual cases, or complaints with the DOL, rather than a class action." Defs.' Opp'n at 15.  However, plaintiff has satisfied the numerosity requirement, and thus, this argument is without merit.

of class certification that Rule 23 requires.  As a result, certification is proper, and plaintiff's proposed class will be certified.

### C. <u>Section 216(b)</u>

Laskowski also seeks conditional certification of her FLSA claim pursuant to Section 216(b).  Pl.'s Mem. at 15–18.  Plaintiff seeks to conditionally certify a collective of current and former employees of St. Camillus who worked as Licensed Practical Nurses, Nursing Assistants, Personal Care Assistants, Registered Nurses, and other personal care support employees from July 27, 2019, to the present.  *See* Ex. L to Lusher Aff., Dkt. No. 39-13 at 1.

The Second Circuit has adopted a two-step analysis to determine whether an action should be certified as an FLSA collective action.  *See Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010).  The first step, which is at issue here, is commonly known as conditional certification, and requires the court to determine whether to "send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred."  *Id.* at 555 (collecting cases).  To achieve conditional certification, plaintiffs must "make a "modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law."  *Id.* (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).

If conditional certification is appropriate, the court will then conditionally certify the class and order notice to putative class members who will be given the opportunity to opt-in. *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010) (citing *Rubery v. Buth-Na-Bodhaige, Inc.*, 569 F. Supp. 2d 334, 336 (W.D.N.Y. 2008)). At the second stage, the court will, on a fuller record, decide whether the collective action "may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555. If the record reveals that they are not, the court may then de-certify the action and dismiss the opt-in plaintiffs' claims. *Id.* (collecting cases).

Upon review, Laskowski has met her burden of showing that the potential class members are similarly situated. *Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 65 (E.D.N.Y. 2016). This requires a modest factual showing that the plaintiff, and potential class members, "were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555 (internal quotation and citation omitted). Although conditional certification is a plaintiff-friendly burden of proof, a plaintiff must nevertheless provide evidence of a factual nexus between her situation and the situation of potential class members. *Wilk*, 2024 WL 1169024, at *5 (citations omitted).

Plaintiff has identified an unlawful common policy; *i.e.*, that defendants failed to adequately compensate its employees for all hours worked. Compl.

¶¶ 2–3.  As evidence of this alleged practice, plaintiff and two potential class members provided declarations in which they assert that defendants failed to pay its employees overtime compensation and automatically deducted one-half hour of pay from their wages each shift for a meal break regardless of whether a break was taken.  *See* Ex. D to Lusher Aff. ¶¶ 13–21; Ex. E to Lusher Aff. ¶¶ 13–20; Ex. F to Lusher Aff. ¶¶ 12–19.

Further, plaintiff has submitted several employment records, detailing actual hours worked by employees in comparison to hours reported by defendants.  *See* Ex. J to Lusher Aff.  These submissions are sufficient to demonstrate that plaintiff, and the potential class members, were victims of a common policy or plan that violated the law. Thus, plaintiff has adequately shown that class members are similarly situated.[4]  As a result, conditional certification of the collective shall be ordered.

### D.  <u>Equitable Tolling</u>

Laskowski requests that the statute of limitations for her FLSA claim be tolled "during this motion's pendency."  Pl.'s Mem. at 18–19.  In support of her request, plaintiff contends that equitable tolling "will avoid any prejudice to the putative opt-in Plaintiffs whose claims will diminish," and asserts that

---

[4]  Where, as here, a conditional certification motion is made after some discovery has occurred, some courts in this Circuit have applied a "modest-plus" standard.  *Carollo*, 528 F. Supp. at 61.  In applying this heightened standard, courts "will consider opposing materials in addition to the movants' pleadings and documents."  *Id.* (citation omitted).  Laskowski has met her burden under either the modest or modest-plus standard.

defendants "will not suffer any prejudice as they already agreed to tolling to date." *Id.* at 19.

"[F]ederal courts should grant equitable tolling sparingly, and only in rare and exceptional circumstances." *Rotari v. Mitoushi Sushi, Inc.*, 448 F. Supp. 3d 246, 254 (E.D.N.Y. 2020) (internal quotation and citation omitted). When determining whether equitable tolling is warranted, a district court looks to whether the party requesting the application (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply. *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003), *as amended* (July 29, 2003) (citation omitted).

Laskowski has not shown that equitable tolling is warranted. Plaintiff has failed to provide "facts or even arguments regarding existing or potential opt-in plaintiffs that reflect that these employees of the defendants have been pursuing their rights diligently." *Contrera v. Langer*, 278 F. Supp. 3d 702, 723 (S.D.N.Y. 2017) (cleaned up). This is critical because whether equitable tolling is proper "is 'a highly factual issue that depends on what and when a plaintiff knew or should have known—an inquiry that is simply impossible to

conduct when opt-in plaintiffs and the facts specific to them have not yet been revealed.'" *Id.* at 723–24 (citation omitted).

Absent more, the Court cannot assess whether any of these potential class members have diligently pursued their rights. Accordingly, plaintiff's application for equitable tolling is rejected. Going forward, if "plaintiffs who join the collective action have time-barred claims, they may present arguments for equitable tolling at the time they join." *Lorenzo v. Dee Mark Inc.*, 702 F. Supp. 3d 194, 200, 205 (S.D.N.Y. 2023) (citation omitted).

### E.  **Proposed Notice**

Laskowski seeks permission to distribute notice of this matter and consent to join forms to potential class members. Pl.'s Mem. at 35; Ex. L to Lusher Aff.; Ex. M to Lusher Aff., Dkt. No. 39-14 ¶ 1. Specifically, plaintiff seeks to distribute these forms to "[a]ll current and former employees of St. Camillus Health and Rehabilitation Facility who worked as Licensed Practice Nurses, Nursing Assistants, Personal Care Assistants, Registered Nurses and other personal care support employees in the state of New York from July 27, 2016, to the present[.]" Ex. N to Lusher Aff., Dkt. No. 39-15 ¶ 2.

Notice to potential members of a class certified pursuant to Rule 23(b)(3) must be "the best notice that is practicable under the circumstances[.]" FED. R. CIV. P. 23(c)(2)(B). This notice must clearly and concisely state in an easily understood language the following information: (1) the nature of the action;

(2) the definition of the class certified; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through an attorney if the member so desires; (5) that the court will exclude from the class any member who requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on members under Rule 23(c)(3).  *Id.*

Section 216(b) "does not prescribe any procedures for approval of collective actions," *Lorenzo*, 702 F. Supp. 3d at 200 (collecting cases), however, "it is well established that district courts have the 'power to authorize' notice and 'broad discretion to craft appropriate notices in individual cases.'"  *Aboah v. Fairfield Healthcare Servs., Inc.*, 662 F. Supp. 3d 192, 209 (D. Conn. 2023) (quoting *Bittencourt v. Ferrara Bakery & Cafe Inc.*, 310 F.R.D. 106, 116 (S.D.N.Y. 2015)).  In determining whether a notice is appropriate, courts consider the "overarching policies of the collective suit provisions and provide employees with accurate and timely notice concerning the pendency of the action, so that they can make informed decisions about whether to participate."  *Wilk*, 2024 WL 1169024, at *8 (internal quotation and citation omitted).

Upon review, the proposed notice disseminates the relevant information to potential class members.  In light of this, and because defendants have made

no substantive objections to the proposed notice's content,[5] the notice will be approved.  Accordingly, Laskowski is authorized to disseminate the notice and consent-to-join forms to potential class members by first class mail and/or email.

### F.  Production of Contact Information

Laskowski also requests that defendants provide a class list containing the" names, last known address, telephone number, email address, and social security number," of all individuals employed by defendants "from July 27, 2016, through the present," within thirty days after entry of this order.  Pl.'s Mem. at 35; Ex. N to Lusher Aff. ¶ 1.

Laskowski's request will be granted to the extent it seeks the names, last known addresses, telephone numbers, and email addresses of potential class members.[6]  Courts "have determined that discovery of contact information is

---

[5] To be clear, defendants do argue that a two-year statute of limitations for Laskowski's FLSA claim is appropriate and thus, notice should be distributed to potential class members "employed by Defendant during the three years preceding the date Plaintiff filed the complaint, subject to possible decertification at a later time, which would be July 27, 2019." Defs.' Opp'n at 9–10.  However, here, plaintiff alleges a willful violation of FLSA, Compl. ¶ 47, which is sufficient to at this stage to apply the three-year statute of limitations applicable to willful violations. *Wilk*, 2024 WL 1169024, at *8 (citations omitted).  Moreover, in the Second Circuit, "courts have permitted six-year notice periods in conditionally certified FLSA collective actions which also involve NYLL claims," because "there is a six-year statute of limitations for claims under the NYLL." *Franze v. Bimbo Foods Bakeries Distribution, LLC*, 2019 WL 1417125, at *4 (S.D.N.Y. Mar. 29, 2019) (collecting cases).  Because plaintiff has claims under both the FLSA and the NYLL, a six-year notice period is appropriate.

[6] Laskowski requests this information from all individuals employed by defendants, however, the Court finds that this request is overbroad.  Defendants will only need to provide this information for Licensed Practical Nurses, Nursing Assistants, Personal Care Assistants, Registered Nurses and other personal care support employees.

appropriate at the notice stage in FLSA collective actions." *Jibowu v. Target Corp.*, 492 F. Supp. 3d 87, 128–29 (E.D.N.Y. 2020) (internal quotation and citation omitted); *see also Qiang Lu v. Purple Sushi Inc.*, 447 F. Supp. 3d 89, 96 (S.D.N.Y. 2020) (noting that courts routinely allow plaintiffs to receive contact information including last known addresses, telephone numbers, and email addresses).

However, plaintiff's request to obtain the security numbers of potential class members must be denied.  This is because "[c]ourts in this Circuit have found it inappropriate to order the production of social security numbers for notice purposes, at least unless the plaintiff 'can demonstrate that names and contact information are insufficient to effectuate notice.'" *Umbrino v. L.A.R.E Partners Network, Inc.*, 585 F. Supp. 3d 335, 362–63 (W.D.N.Y. 2022) (citation omitted).

Thus, plaintiff may renew her request if she is unable to effectuate notice on some of the potential class members.  *See Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 522 (E.D.N.Y. 2011)  Therefore, defendants shall provide plaintiff with a list of the names, last known addresses,

telephone numbers, and email addresses of potential class members within thirty days.[7]

## V.  **CONCLUSION**

Therefore, it is

ORDERED that

1.  Plaintiff's motion to amend is GRANTED;

2.  Plaintiff's amended complaint (Dkt. No. 39-3) is ACCEPTED for filing;

3.  The Clerk of the Court is directed to docket the amended complaint as the operative pleading in this action;

4.  Defendants shall file an answer to the amended complaint on or before September 24, 2024;

5.  Plaintiff's motion to certify this case as a class action under Federal Rule of Civil Procedure 23(b)(3) is GRANTED;

6.  Plaintiff's claims under the NYLL (Counts II and III) are CERTIFIED as a Rule 23(b)(3) class action on behalf of a class defined as "all current and former employees of St. Camillus Health and Rehabilitation Facility who worked as Licensed Practical Nurses, Nursing Assistants, Personal Care

---

[7] Laskowski also seeks permission to post a copy of the notice on her counsel's websites.  Ex. N to Lusher Aff. ¶ 5.  Such requests "have been denied when plaintiff did not present evidence that collective action members were likely to visit the website."  *Chen v. Thai Greenleaf Rest. Corp.*, 2024 WL 3742718, at *7 (E.D.N.Y. Aug. 9, 2024) (collecting cases); *see also Hong v. Haiku @ WP Inc.*, 582 F. Supp. 3d 117, 135 (S.D.N.Y. 2022).  Plaintiff has not shown that a posting would be effective and thus her request is denied.

Assistants, Registered Nurses and other personal care support employees in the state of New York from July 27, 2016 to the present;"

7.  Named Plaintiff Tammy Laskowski is APPOINTED as class plaintiff, and Virginia & Ambinder LLP and Gattuso & Ciotoli, PLLC are APPOINTED as class counsel;

8.  Plaintiff's motion for certification of a collective action under FLSA § 216(b) is GRANTED;

9.  Plaintiff's claim under the FLSA (Count I) is CERTIFIED as a collective action on behalf of "all current and former employees of St. Camillus Health and Rehabilitation Facility who worked as Licensed Practical Nurses, Nursing Assistants, Personal Care Assistants, Registered Nurses and other personal care support employees in the state of New York from July 27, 2019 to the present;"

10.  Plaintiff's proposed notice is APPROVED; and

11.  Defendants are ORDERED to produce to plaintiff a list of the names, last known addresses, telephone numbers, and email addresses of employees falling into the classes as described on or before October 30, 2024.

IT IS SO ORDERED.


Dated:  September 10, 2024
        Utica, New York.

David N. Hurd
U.S. District Judge