UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TAMMY LASKOWSKI, individually and on behalf of all other persons similarly situated who were employed by ST. CAMILLUS HEALTH AND REHABILITATION FACILITY and/or any other entities affiliated with or controlled by ST. CAMILLUS HEALTH AND REHABILITATION FACILITY,

                                Plaintiffs,

-against-

ST. CAMILLUS NURSING HOME COMPANY, INC. and ST. CAMILLUS RESIDENTIAL HEALTH CARE FACILITY, both d/b/a ST. CAMILLUS HEALTH AND REHABILITATION FACILITY, and any related entities,

                                Defendants.

**FIRST AMENDED COMPLAINT**

**FLSA COLLECTIVE ACTION**

And

**CLASS ACTION**

Docket No.: 5:22cv799

**JURY TRIAL DEMANDED**

Named Plaintiff Tammy Laskowski ("Named Plaintiff"), by their attorneys Gattuso & Ciotoli, PLLC and Virginia and Ambinder, LLP; allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207, and 216(b); New York Labor Law § 190 *et seq.*, New York Labor Law §§ 650 *et seq.* and 663; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §§ 137-1.2 and 137-1.3 to recover unpaid wages and overtime compensation as well as related damages owed to the Named Plaintiff and all similarly situated persons (collectively "Plaintiffs") who are presently or were formerly employed by ST. CAMILLUS NURSING HOME COMPANY, INC. and/or ST. CAMILLUS RESIDENTIAL

HEALTH CARE FACILITY, both d/b/a ST. CAMILLUS HEALTH AND REHABILITATION FACILITY and/or any other entities affiliated with or controlled by the foregoing (hereinafter "Defendants") in trades and occupations entitled to receive overtime compensation.

2. Beginning in July 2016 and continuing through the present, Defendants have engaged in a policy and practice of depriving its employees of the applicable straight time wages and overtime wages for work they performed as mandated by federal and state law.

3. Beginning in July 2016 and continuing through the present Defendants have engaged in a policy and practice of requiring its employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by the applicable federal and state laws.

4. Upon information and belief, Defendants have also failed to provide appropriate wage notices to Named Plaintiff and those similarly situated as required under NYLL.

5. Named Plaintiff has initiated this action seeking for herself, and on behalf of all similarly situated employees, all compensation, including straight time wages and overtime compensation of which they were deprived, plus interest, damages, and attorneys' fees and costs.

## JURISDICTION

6. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

7. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

8. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

**VENUE**

9. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

**THE PARTIES**

10. Named Plaintiff Tammy Laskowski is an individual who is currently a resident of Onondaga County, New York, and was employed by Defendants as a Licensed Practical Nurse from approximately September 2015 until October 9, 2020.

11. Upon information and belief, Defendants are domestic corporations organized and existing under the laws of the State of New York and authorized to do business within the State of New York, with a principal place of business at 813 Fay Road, Syracuse, New York, 13219.

12. At all times relevant to this action, Defendants were Named Plaintiff's employer as defined by NYLL §§ 2(6), 190(3), and 651(6), along with 29 U.S.C. § 203, *et seq*.

13. Upon information and belief, Defendants are a single and/or joint employer in that they share a common business purpose and ownership, maintain common control, oversight and direction over the operations of the work performed by Named Plaintiff, including payroll practices.

14. Upon information and belief, Defendants had substantial control of Named Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

15. Upon information and belief, Named Plaintiff performed labor for the benefit of and at the direction of Defendants.

16. Upon information and belief, Defendants were responsible for the firing and hiring of Named Plaintiff, and controlled the terms and conditions of her employment including her rate of pay, schedule, promotions, discipline, and raises.

## CLASS ALLEGATIONS

17. Plaintiff realleges and incorporates by reference all the allegations set forth above.

18. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

19. This action is brought on behalf of Named Plaintiff and a class consisting of similarly situated employees who worked for Defendants as Licensed Practical Nurses, Nursing Assistants, Personal Care Assistants, and Registered Nurses paid hourly wages who had meal breaks automatically deducted from their wages.

20. Named Plaintiff and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of Defendants' common policy and/or plan to violate the FLSA by failing to pay Named Plaintiff and those similarly situated, neither their regular hour wage nor the minimum wage for all hours worked and overtime hours at one and one-half times their regular hourly wages for all hours worked in excess of 40 in a week.

21. The putative class is so numerous that joinder of all members is impracticable.  The size of the putative class is believed to be hundreds of employees.  Additionally, the names of all potential members of the putative class are not known.

22. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.  These questions of law and fact include but are not limited to: (1) whether Defendants failed to pay the appropriate regular or minimum wage for hours up to 40 in a week and overtime wages for all hours worked in excess of 40 in a week; (2) whether

Defendants failed to provide Named Plaintiff with proper wage notices and wage statements during the time of their employment.

23. The claims of the Named Plaintiff are typical of the claims of the putative class members. Named Plaintiff and putative class members were all subject to Defendants' policies and willful practice of failing to pay regular and/or minimum wages and failure to pay overtime wages for all hours worked; as well as Defendants' failure to provide accurate pay statements as required by NYLL.

24. Upon information and belief, Defendants are a single and/or joint employer in that they share a common business purpose and ownership, maintain common control, oversight and direction over the operations of the work performed by class members, including payroll practices.

25. Upon information and belief, Defendants had substantial control of class members' working conditions and over the unlawful policies and practices alleged herein.

26. Upon information and belief, class members performed labor for the benefit of and at the direction of Defendants.

27. Upon information and belief, Defendants were responsible for the firing and hiring of class members, and controlled the terms and conditions of their employment including their rate of pay, schedule, promotions, discipline, and raises.

28. Named Plaintiff and her counsel will fairly and adequately protect the interests of the putative class. Named Plaintiff has retained counsel experienced in complex wage and hour collective and class-action litigation.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action

will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

## FACTS

30. The Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

31. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

32. This action is brought on behalf of Named Plaintiff and a putative class and collective consisting of similarly situated employees who worked for Defendants as hourly paid Licensed Practical Nurses, Nursing Assistants, Patient Care Assistants and Registered Nurses and other employees performing similar direct nursing and personal care support in furtherance of Defendants' operations as a medical facility.

33. While working for Defendants, Named Plaintiff and other similarly situated employees were regularly required to perform work for Defendants without receiving pay for all hours worked and overtime compensation, as required by applicable federal and state law.

34. For example, beginning in approximately September 2015 for Named Plaintiff and continuing through October 2020, she would typically be scheduled to work at least an eight-hour shift.

35. Although Named Plaintiff was typically scheduled to work from 7:00 a.m. to 3:00 p.m., in order to fulfil her job duties and responsibilities, Named Plaintiff typically worked from approximately 7:00 a.m. until between 3:30 p.m. and 4:00 p.m. five (5) days per week, without being able to take a lunch break, for a total of approximately 43 to 45 hours per week.

36. As such, Named Plaintiff routinely worked in excess of forty (40) hours per week.

37. Despite regularly working more than forty (40) hours per week, Named Plaintiff was typically paid approximately $24.97 per hour, though she was not paid for all hours worked.

38. When Named Plaintiff worked a shift of at least six hours or more, Defendants would automatically deduct one-half hour from Plaintiff's pay for a meal break.

39. However, Named Plaintiff would usually be too busy working to take a full or even partial meal break. Despite this, Defendants would still automatically deduct the one-half hour of pay per shift.

40. Defendants also automatically deducted a one-half hour meal break from Named Plaintiff's co-workers pay when they worked shifts of at least six hours, despite that Plaintiffs were unable to take a full or even partial meal break during their shifts.

41. In certain weeks, upon information and belief, the deducted one-half hour of pay would cause Named Plaintiff, and those similarly situated, from receiving overtime compensation.

42. As a result, Named Plaintiff and those similarly situated were routinely not paid for all hours worked and were not paid overtime compensation for all hours worked over forty (40) in a workweek.

43. Defendants consistently and repeatedly used its policy, procedure and method of automatically deducting one-half hour for meal breaks whether or not actually taken by the employee and failing to pay Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek.

44. During their employment, Named Plaintiff and those similarly situated did not receive accurate pay statements from Defendants reflecting the actual hours worked, among other required information.

## FIRST CAUSE OF ACTION

## UNPAID WAGES AND OVERTIME UNDER FLSA

45. The Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

46. The Named Plaintiff and similarly situated hourly employees of Defendants bring this claim for relief pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 201, et seq.

47. Under the FLSA, Named Plaintiff and similarly situated hourly employees are entitled to be compensated for all hours worked where such time is compensable time and is also subject to the regular time and overtime provisions of sections 206 and 207 of the FLSA.

48. Defendants willfully, knowingly, purposefully, and recklessly failed to pay Named Plaintiff and similarly situated hourly employees for all time worked, including time which would have qualified as overtime.

49. Upon information and belief, Named Plaintiff and those similarly situated hourly employees frequently worked more hours than what they were paid for and frequently had adjustments made to their time clock records resulting in a paycheck for less time than what the Plaintiffs actually worked.

50. On this claim for relief, the Named Plaintiff on behalf of herself and other similarly situated hourly employees of Defendants seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid for the Named Plaintiff and other similarly situated employees.

51. The Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the FLSA.

## SECOND CAUSE OF ACTION

## UNPAID REGULAR TIME AND OVERTIME UNDER NYLL

52. The Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

53. Under NYLL, Named Plaintiff and similarly situated hourly employees are entitled to a half hour break when their scheduled shift exceeds 6 hours.

54. Additionally, Named Plaintiff and similarly situated employees are also entitled to be paid for all hours worked and at an overtime rate of one and one-half times the regular hourly rate when their total hours exceeded 40 hours per week.

55. Even though Named Plaintiff and similarly situated employees are entitled a half-hour rest breaks, and to be paid for all hours worked including overtime rates for hours exceeding 40 per week, Defendants refused and continues to refuse to provide required breaks and failed and continues to fail to pay Named Plaintiff and those similarly situated for all hours worked at the appropriate rate of pay, including overtime rates for work in excess of 40 hours per week, as required under to NYLL §§ 190, et seq, 650, et seq, and, 19 NYCRR §§ 137 and 142, et seq.

56. New York Labor Law § 193 precludes deductions from an employee's pay without prior authorization from the employee. Defendants' automatic deductions of one-half hour meal breaks violates New York Labor Law § 193.

57. Upon information and belief, Defendants willfully, purposefully, and maliciously failed to pay the required compensation or provided the required rest periods as articulated in this claim for relief.

58. On this claim for relief, the Named Plaintiff on behalf of herself and other similarly situated hourly employees of Defendants seek the payment of all unpaid wages and unpaid overtime wages,

such sums to be determined based upon an accounting of the hours worked and wages actually paid for the Named Plaintiff and other similarly situated employees.

59. The Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the NYLL.

## THIRD CAUSE OF ACTION

## NEW YORK LABOR LAW - FAILURE TO PROVIDE ACCURATE PAY STATEMENTS

60. The Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

61. Defendants willfully failed to provide Named Plaintiff and those similarly situated with accurate wage notices, as required by NYLL § 195(3), listing, inter alia, the number of regular or overtime hours worked.

62. Failing to inform Plaintiffs of their actual hours worked and rates of pay was part of Defendants' scheme to deprive Plaintiffs of their wages and overtime pay.

63. By failing to provide Plaintiffs with the required information, Defendants made it more difficult for Plaintiffs to determine whether and to what extent they were underpaid each week, thus impinging on their rights and their ability to advocate for proper pay.

64. Through their knowing or intentional failure to provide Named Plaintiff and those similarly situated with the pay statements required by the NYLL, Defendants have willfully violated NYLL §§ 195(3) and the supporting New York State Department of Labor Regulations.

65. According to NYLL § 198-1(b), Named Plaintiff and those similarly situated are entitled to $50 for every day they did not receive a wage statement up to a total of $5000, together

with costs and reasonable attorney's fees.

66. By the foregoing reasons, Defendants violated NYLL §§ 195(3) and are liable to the Plaintiffs pursuant to NYLL 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## JURY TRIAL DEMANDED

67. Plaintiff demands that all issues of fact be decided by a jury.

**WHEREFORE**, Named Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Defendants, demand judgment:

(1) On the First Cause of Action against Defendants, all unpaid wages and unapid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the FLSA; and

(3) On the Second Cause of Action against Defendants, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to New York Labor Law, and

(5) On the Third Cause of Action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount to be determined at trial, plus interest, attorneys' fees and costs; and

(6) such other and further relief as this Court may deem just and proper.

Dated: January 26, 2024

By: */s/ Frank S. Gattuso*
Frank S. Gattuso
Ryan G. Files, Esq.

11

        GATTUSO & CIOTOLI, PLLC
        The White House
        7030 E. Genesee Street
        Fayetteville, New York 13066
        Tel.:   315-314-8000
        Fax:   315-446-7521 (fax)
        fgattuso@gclawoffice.com
        rfiles@gclawoffice.com

        LaDonna Lusher, Esq.
        Alanna Sakovits, Esq.
        VIRGINIA & AMBINDER, LLP
        40 Broad Street, 7th Floor
        New York, New York 10004
        Tel:   (212) 943-9080
        Fax:   (212) 943-9082
        llusher@vandallp.com
        asakovits@vandallp.com

*Attorneys for the Plaintiff and putative class*