

40 Broad Street, 7th Floor  
New York, New York 10004  
Telephone: 212.943.9080  

Alanna R. Sakovits  
*Associate Attorney*  
asakovits@vandallp.com

March 14, 2025

**VIA ECF**
Judge Therese Wiley Dancks, U.S.M.J.
United States District Court
Northern District of New York
100 S. Clinton Street
Syracuse, NY 13261

  Re: Laskowski v. St. Camillus Nursing Home Company, Inc. et al.
     Case No.: 5:22-cv-00799

Dear Judge Dancks,

  This firm is counsel to Named Plaintiff and the certified class ("Plaintiffs") in the above-referenced matter. This letter is submitted to inform the Court of the status of this matter, and to request an extension of the deadline for Plaintiffs' to take depositions and complete fact discovery.

  Mediation with Mediator Martin F. Scheinman, Esq. was held on March 10, 2025. Despite prolonged and extensive negotiations and communications surrounding the production of documents and information that were ostensibly intended to assist Plaintiffs in participating in mediation fully informed, Defendants raised an inability to pay defense for the first time at the outset of mediation. As Plaintiffs had no opportunity to conduct reasonable due diligence into this claim, the mediator suggested that the session be adjourned until May to provide Plaintiffs with an opportunity to request and review records regarding Defendants' financial viability.

  That same day, Plaintiffs sent a letter to Defendants requesting specific financial discovery be produced for settlement purposes only. Plaintiffs are awaiting Defendants' response. While the settlement cannot be agreed upon until financial discovery has been conducted into Defendant's solvency, the parties did agree to a general settlement framework on a class-wide basis. As such, the parties continue to work in good faith toward resolution of this matter.

  The parties have also been diligently engaged in post-class certification discovery, however, Plaintiffs are still awaiting Defendants' complete production of documents and information for a representative sampling of approximately 10% of the class. Defendant has produced voluminous batches of documents and spreadsheets containing information regarding payroll records and timesheets that are critical to Plaintiffs' claims. Productions were made on

February 21, February 25, February 28, and as recently as Friday, March 7. Plaintiffs have expended significant time and resources reviewing Defendants' documents and spreadsheets, and are attempting to expediently determine what documents remain outstanding, however, Plaintiffs require additional time to complete their review.

Defendant maintains that their productions occurred in batches due to the nature and format of the payroll and timekeeping records. These records existed in multiple formats, including scanned paper documents converted to PDF, PDFs generated from archived electronic systems, and electronically stored records from current systems.

Defendant further asserts that significant technological challenges arose due to the nature of these records. Many of the scanned paper documents were not machine-readable, requiring manual review. Furthermore, the archived PDFs, which contained voluminous records spanning multiple years and employees, were large and complex, making them difficult to process, search, and transmit efficiently. Defendant states that these technological constraints further impacted the time and effort required related to this production.

Plaintiffs also need additional time to conduct depositions. Plaintiffs contacted Defendants' counsel via e-mail on February 28 seeking to schedule depositions and proposing a deposition date for Defendants' F.R.C.P 30(b)(6) representative. Defendants' counsel stated they would speak to their client on March 3 regarding deposition schedules but never responded to Plaintiffs. Accordingly, on March 6, Plaintiffs' counsel again followed up with Defendants' counsel to schedule depositions, noting that the deadline was approaching. Defendants' counsel responded on March 7 that they are focused on preparing for mediation and would only discuss scheduling depositions if the mediation was unsuccessful.

In light of the above, Plaintiffs respectfully request that their deadline to take depositions and conduct fact discovery be extended from March 31, 2025 to May 30, 2025. This would allow Plaintiffs the time necessary to review Defendants' discovery production, to obtain financial discovery to explore Defendants' financial viability, and for the parties to engage in one more mediation session before proceeding to depositions. Moreover, if Defendant's inability to pay is actualized, it may be in the interest of Plaintiffs and the Class to utilize the resources of all parties toward resolution rather than depositions and further discovery. Thank you for your time and attention to this matter.

> Respectfully submitted,
>
> /s/ Alanna R. Sakovits