UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMMY LASKOWSKI, individually and on behalf of all other persons similarly situated who were employed by ST. CAMILLUS HEALTH AND REHABILITATION FACILITY and/or any other entities affiliated with or controlled by ST. CAMILLUS HEALTH AND REHABILITATION FACILITY,<br><br>Plaintiff,<br><br>-against-<br><br>ST. CAMILLUS NURSING HOME COMPANY, INC. and ST. CAMILLUS RESIDENTIAL HEALTH CARE FACILITY, both d/b/a ST. CAMILLUS HEALTH AND REHABILITATION FACILITY, and any related entities,<br><br>Defendants. | Case No.: 22-cv-00799<br><br>DECLARATION OF LADONNA M. LUSHER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT |

LADONNA M. LUSHER, an attorney admitted to practice law in the State of New York and before the United States District Court for the Northern District of New York, hereby affirms under the penalties of perjury that:

1. I am a partner with the firm of Virginia & Ambinder, LLP, co-counsel for the certified Class in this action (collectively "Plaintiffs" or "Class"). I submit this declaration in support of Plaintiffs' request that this Court preliminary approve the terms of the Settlement Agreement and Release reached by the parties ("Settlement Agreement").

2. Plaintiffs further request that the Court approve the Proposed Notice of Class Action Settlement ("Notice"), and the Proposed Claim Form ("Claim Form"). The Settlement Agreement, Notice, Claim Form and Proposed Order Granting Preliminary Approval of the Class and Collective Action Settlement are attached hereto as Exhibits "A", "B", "C" and "D" respectively.

3. The Settlement Agreement represents a significant recovery given the potential damages and the substantial risks if the case proceeds to trial.

4. Plaintiffs and their counsel reviewed Defendants' voluminous document production which included, inter alia, time and payroll records for the Class, conducted an in-depth investigation of Defendants' business, financial condition, and has also communicated with Class Members to ascertain the nature of their respective claims. More importantly, there has been extensive negotiations and exchange of discovery, including the production and review of extensive payroll and time records which constituted punch-in and punch-out records; compensation data; and shift schedule data for approximately fifty-one thousand two hundred seventy five (51,275) individual worker-days. Plaintiffs' counsel's in-house accounting team produced detailed damage calculations based on the data provided, and extrapolations based on the estimated size of the class, along with reviewing detailed documentation produced by Defendants regarding its potential defenses, and held detailed discussions regarding the merits of Plaintiffs' claims and Defendants' defenses.

5. Plaintiffs' Counsel also conducted legal research on the underlying merits of the potential class claims, the likelihood of obtaining liquidated damages, the proper measure of damages, Defendants' likely affirmative defenses, and Defendants' ability to withstand judgment.

6. The parties initially attended a mediation on January 24, 2024 for both this action and a separate but related discrimination action brought by Named Plaintiff Laskowski against Defendants before Mediator Randolph F. Treece. However, this matter was not resolved at the January 24, 2024 mediation. The parties continued to litigate this matter, and elected to mediate this matter again before Mediator Martin Scheinman on May 9, 2025. After extensive negotiations and multiple rounds of exchanging documents and analysis, a settlement was reached.

7. Plaintiffs' Counsel are experienced litigators who have successfully represented dozens of classes in employment actions on behalf of tens of thousands of workers.

8. Examples of some of the class and collective actions in which Virginia & Ambinder, LLP have represented plaintiffs, and obtained final approval of class-wide settlements, include: Barry v. SEB Service of New York, Inc., 11-CV-5089(MDG) (EDNY Nov. 12, 2015); Macaluso v. Woodbury International, Inc., Index No. 3216/2012 (Sup. Ct., Nassau Cty., Sept. 9, 2015); Chhab v. Montclair Hotels GCNY, LLC, Index No. 2358/2012 (Sup. Ct. Nassau Cty., July 14, 2015); Lopez v. Bethpage Associates, Index No. 003465/2012 (Sup. Ct. Nassau Cty. Aug. 22, 2015); Parada v. Westbury Manor Enterprises, Inc., Index No. (Sup. Ct. Nassau Cty., July 1, 2014); In re: Penthouse Executive Club Compensation Litigation, 10-CV-1145 (KMW) (S.D.N.Y. Jan. 14, 2014); Chavarria v. Crest Hollow Country Club at Woodbury, Inc., Index No. 017464/2011 (Sup. Ct. Nassau Cty., Comm. Div., Dec. 13, 2013); Khaimov v. JEM Caterers of Roslyn, LLC, Index No. 3215/2012 (Sup. Ct. Nassau Cty., Oct. 16, 2013); Ruiz v. Scotto's Smithtown Restaurant Corp., Index No. 600317/2010 (Sup. Ct. Nassau Cty., June 17, 2013); Toledo et al. v. DCJ Catering Corp., Index No. 600994/2011 (Sup. Ct. Nassau Cty., Dec. 13, 2013); McBeth v. Gabrielli Trucking, 09-CV-4112(LDW) (E.D.N.Y. 2011); Espinoza v. 953 Assocs. LLC, 280 F.R.D. 113, 129-130 (S.D.N.Y. 2011) (Scheindlin, J.); Lujan v. Cabana Management, Inc., Index No. 10-cv-755 (E.D.N.Y. Feb. 1 2011) (Block, J.).

9. Examples of some of the class and collective actions in which Gattuso & Ciotoli, PLLC have represented plaintiffs, and obtained final approval of class-wide settlements, include: Roach v. T.L. Cannon, et. al. (3:10-cv-00591) (N.D.N.Y. February 28, 2019) (McAvoy, J.); Griffin v. Aldi, Inc. (5:16-cv-354) (N.D.N.Y. November 15, 2018) (Kahn, J.); LaFrance v. Ruby Tuesday, Inc. (5:14-cv-01158) (N.D.N.Y. January 7, 2016) (Suddaby, J.), Kirby v. FIC

Restaurants, Inc., (5:19-CV-1306) (N.D.N.Y. September 18, 2020)(Scullin, J.); Walrath v. Bassett Healthcare Network (6:21-cv-01179)( N.D.N.Y. May 18, 2023) (Hurd, J.) Scott v. Ragnar & Rollo Industries, Inc. d/b/a Cleantec Services (5:21-cv-00956)( N.D.N.Y. June 16, 2022)(Scullin, J.) Robbins v. Premier Senior Living Services, LLC (5:21-cv-01164)( N.D.N.Y. April 12, 2024)(Nardacci, J.); Gray v. Good Shepherd Fairview Home, Inc.( 3:21-CV-1096)( N.D.N.Y. March 21, 2023)(Hurd, J.) Grant v. A.M. Communications, LTD (N.D.N.Y. November 28, 2023)(Hurd, J.) Hicks v. T.L. Cannon, et al. (6:13-cv-06455) (W.D.N.Y.) (Wolford, J.); Johnston v. Visions Hotels, LLC (260402/2018) (Rensselaer Cty. Sup. Ct.) (McNally, J.); Bookhout v. Amphenol Corporation, 3:23-cv-00777 (TJM/ML) (N.D.N.Y. August 12, 2025)(Brindisi, J.); Pallotta v Iroquois Nursing Home, Inc., (6:23-cv-1197)(N.D.N.Y. November 20, 2024,)(Hurd, J.) Mazzae v. Interstate Management Company, LLC, (66261/2019)(Onondaga Cty. Sup. Ct. February 15, 2022)(Greenwood, J.); Jocko v SMG, (11788/2019)(Onondaga Cty. Sup. Ct. August 31, 2023, Neri, J).

10. Named Plaintiff Tammy Laskowski was advised of the terms the proposed settlement, and supports the agreement.

11. To the best of Plaintiffs' Counsel's knowledge, there is no competing litigation already commenced by any member of the class.

WHEREFORE, for the reasons set forth above and those set forth in the accompanying Memorandum of Law, Plaintiffs respectfully request that this Court enter an Order: (1) preliminarily approving the Settlement Agreement reached by the parties; (2) approving the proposed Notice and Claim Form; and (3) authorizing and directing Counsel for the parties to effectuate the settlement process, and (4) providing such other and further relief as the Court may deem just and proper.

Dated: New York, New York

August 29, 2025

                                                                                                   VIRGINIA & AMBINDER, LLP

                                                                                                    /s/
                                                                                                   By: LaDonna M. Lusher, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080
Fax: (212) 943-9082
llusher@vandallp.com

*Attorneys for Plaintiff Class*