UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMMY LASKOWSKI, individually and on behalf of all other persons similarly situated who were employed by ST. CAMILLUS HEALTH AND REHABILITATION FACILITY and/or any other entities affiliated with or controlled by ST. CAMILLUS HEALTH AND REHABILITATION FACILITY,<br><br>Plaintiff,<br><br>-against-<br><br>ST. CAMILLUS NURSING HOME COMPANY, INC. and ST. CAMILLUS RESIDENTIAL HEALTH CARE FACILITY, both d/b/a ST. CAMILLUS HEALTH AND REHABILITATION FACILITY, and any related entities,<br><br>Defendants. | Case No.: 22-cv-00799<br><br>**NOTICE OF PROPOSED CLASS/COLLECTIVE ACTION SETTLEMENT**<br><br>**IMPORTANT NOTICE ADVISING YOU OF YOUR LEGAL RIGHTS** |

**PLEASE READ THIS NOTICE CAREFULLY**

**IF YOU WERE EMPLOYED AS A LICENSED PRACTICAL NURSE, NURSING ASSISTANT, PERSONAL CARE ASSISTANT, REGISTERED NURSE OR OTHER PERSONAL CARE SUPPORT POSITION FOR ST. CAMILLUS HEALTH AND REHABILITATION FACILITY AT ANY TIME SINCE JULY 27, 2016 TO MAY 28, 2024 PLEASE READ THIS NOTICE CAREFULLY.**

**This Notice relates to a proposed settlement of a class and collective action litigation. This Notice has been authorized by the United States District Court for the Northern District of New York. It contains important information as to your right to participate in the settlement, make a claim for payment, or elect not to be included in the class.**

**INTRODUCTION**

**A proposed class/collective action settlement may affect your legal rights.**

*A court authorized this Notice. This is not a solicitation from a lawyer.*

Tammy Laskowski, a former St. Camillus employee ("Class Representative"), on behalf of members of the certified class and collective (together "Plaintiffs") sued St. Camillus Nursing Home Company, Inc. and St. Camillus Residential Health Care Facility, both d/b/a St. Camillus Health and Rehabilitation Facility (collectively, "St. Camillus"), claiming that St. Camillus did not pay her proper wages, including overtime wages (the "Action"). This case is currently pending against St. Camillus.

1

The Court overseeing the case is the United States District Court for the Northern District of New York. The Court previously conditionally certified this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"). The Court also previously allowed the lawsuit to proceed as a certified class action under New York Labor Law ("NYLL"). The class consists of Licensed Practical Nurses, Nursing Assistants, Personal Care Assistants, Registered Nurses and other personal care support employees who were employed by St. Camillus at any time between July 27, 2016 and May 28, 2024.

St. Camillus denies any wrongdoing and maintains that all workers were compensated in accordance with the law. St. Camillus has vigorously defended the claims in the Action, and further maintains that it has consistently acted in accordance with governing laws at all times. The Court has not decided who is right and who is wrong or who would prevail if this case went to trial.

Without admitting any wrongdoing and without admitting liability, St. Camillus and Plaintiffs have elected to settle the Action to avoid the expense, inconvenience and the distraction of litigation. The settlement is subject to the Court's approval.

Your legal rights may be affected by this settlement and you have a choice to make now. These rights and options are summarized below and fully explained in this Notice.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| **PARTICIPATE** | As described more fully below, if you want to participate in the settlement and receive a payment, you must mail, fax or email a properly completed and signed Claim Form and Form W-9 to the Settlement Administrator on or before [insert date that is 60 days after the first date on which the Settlement Administrator mailed the Notice]. If you participate in the settlement, you will be bound by the terms of the settlement and will release claims as explained in response to question 7 below. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt-out") from the settlement, you must follow the directions outlined in response to question 8 below. |
| **OBJECT** | You may submit a written statement about why you believe the settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the settlement and release claims as explained in response to question 7 below. You cannot exclude yourself and also object. If you object, you may appear at the Fairness Hearing to speak to the Court about the fairness of the settlement. |
| **DO NOTHING** | If you do nothing, you will still be bound by the terms of the settlement and release claims as explained in response to question 7 below. However, you will not receive any settlement payment. |

**1. Why did I receive this notice?**

You have received this notice because St. Camillus identified you as a current or former employee

of St. Camillus Health and Rehabilitation Facility who worked as a Licensed Practical Nurse, Nursing Assistant, Personal Care Assistant, Registered Nurse and/or other personal care support employee in the state of New York between July 27, 2016 and May 28, 2024 (the "Relevant Period"). You are one of the 1,130 class members in this class action.

## 2. What is a class action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims, i.e. Class Members. In a class action, one court resolves the issues for all Class Members, except for those who effectively exclude themselves from the Class.

## 3. Why is there a settlement?

Class Counsel have analyzed and evaluated the merits of the claims made against St. Camillus in the Litigation, analyzed pertinent information and data, and other pertinent data for Plaintiffs. The parties participated in extensive negotiations after lengthy analysis of the available documentation. Based upon Plaintiffs and Class Counsel's analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel and Plaintiffs entered into this proposed settlement. Class Counsel and Plaintiffs are satisfied that the terms and conditions of this settlement are fair, reasonable and adequate and that this settlement is in the best interests of the Plaintiffs and Class Members.

## 4. How much will I be paid if I participate in the settlement?

If you elect to participate in the settlement your allocated share of the settlement shall be determined by the following formula:

First, the Settlement Administrator shall deduct the attorneys' costs and fees, the service award for the Class Representative, the Settlement Administrator's costs and fees, and the Reserve Fund from the total Gross Settlement Amount of $2,400,000.00 to determine the Net Settlement Fund.

The individual settlement amounts ("Individual Gross Amount") will then be computed based on the number of hours worked by Class Members during the Relevant Period:

(a) Each Class Member's hours worked between July 27, 2016 and May 28, 2024, shall be determined ("Numerator").

(b) Add all hours worked by Class Members together to obtain the "Total Denominator;"

(c) Divide the hours worked for each Class Member (the "Numerator") by the Total Denominator to obtain each Class Member's percentage of the Net Settlement Fund.

      (d)    Multiply each Class Member's percentage by the Net Settlement Fund to determine each Class Member's Individual Gross Amount.

**5. How do I participate in the settlement?**

In order to be eligible to receive a settlement payment, you must properly complete and sign the enclosed Claim Form and Form W-9, and mail, fax or email to the Settlement Administrator on or before [insert date that is 60 days after the first date on which the Settlement Administrator mailed the Notice] at the following address:

ADMINISTRATOR<br>
Address<br>
e-mail<br>
fax

If you do not properly complete and timely submit your Claim Form and W-9 Form, your settlement payment may be delayed or denied.

If you do participate in the settlement, the Settlement Administrator will not make your payment until after a Fairness Hearing is held by the Court (see question 14 below).

St. Camillus shall pay the final settlement amount in two installments. The first payment of Five Hundred Fifty Thousand Dollars ($550,000.00) shall be paid on or before thirty (30) days after the Court signs the Final Order approving the settlement, or May 1, 2026, whichever date is later. The balance of the Final Net Settlement Amount shall be paid on or before December 1, 2026. If the Court signs the Final Order after December 1, 2026, St. Camillus shall pay the entire settlement amount on or before thirty (30) days after the Court signs the Final Order. The Settlement Administrator shall mail the settlement payments in two distributions. The first distribution shall be made within fourteen (14) days after St. Camillus pays the first installment. The second distribution shall be made within fourteen (14) days after St. Camillus pays the second installment.

You will need to deposit or cash your settlement check within 180 days after it is mailed to you or the settlement check will become void.

**6.   Service Award to Class Representatives**

The Settlement proposes that Class Representative Tammy Laskowski who took a lead role in this litigation and assisted in its resolution, would receive a service payment of $15,000, for her role in this Litigation.

**7.   How does this settlement impact the claims in the lawsuit?**

If you elect to participate in the settlement or if you do nothing, you will be bound by the settlement. This means that you will release all wage and hour claims, including all applicable statutory, regulatory, and/or common law claims pertaining to the payment of wages, such as minimum and overtime wages, under the Fair Labor Standards Act and New York Labor Law, and damages and/or penalties related to wage notices under the New York Labor Law, that are related

to, based upon or arise out of the facts, acts, transactions, occurrences, events, or omissions alleged in this Action between July 27, 2016 and May 28, 2024 that you may have against St. Camillus and all other Releasees, as defined in the Settlement Agreement.

**8.    How Do I Exclude Myself From The Settlement?**

If you do not wish to participate in this proposed settlement, but you want to keep the right to sue or continue to sue St. Camillus and/or the Releasees (as defined in the Settlement Agreement) on your own, about the legal issues in this case or which could have been brought in this case, then you must take steps to exclude yourself from this case.

If you intend to exclude yourself, you must submit an "Opt-out Statement" to the Settlement Administrator that: (1) states a your intention to opt out, such as "I opt-out of the settlement in the St. Camillus wage case"; (2) includes your name, address, and telephone number; and (3) includes your signature. To be effective, the Opt-out Statement must be submitted to the Settlement Administrator on or before [insert the 60th day after the date on which the Claims Administrator first mailed any Class Notice] via mail, email, or fax to the following:

ADMINISTRATOR
Address
e-mail
fax

If you exclude yourself from the settlement, you will NOT be allowed to object to the settlement as described in paragraph 12 below.

**9. If I exclude myself, can I get money from this settlement?**

No. If you exclude yourself, you will not receive any money from this settlement.

**10.  Do I have a lawyer in this case?**

The law firms of Virginia & Ambinder, LLP, 40 Broad Street, 7th Floor, New York, New York, 10004, (212) 943-9080, www.vandallp.com and Gattuso & Ciotoli, PLLC, 7030 E. Genesee Street, Fayetteville, NY 13066, www.gclawoffice.com, are representing you in this matter and have assisted in negotiating this settlement on behalf of the Class Members. These lawyers have asked the Court to appoint them to represent the Class Members as Class Counsel. You will not be charged separately for these lawyers. Their fees are being paid from the Settlement Fund. If you wish to be represented by your own lawyer, you may hire one at your own expense.

**11. How will the lawyers be paid?**

Class Counsel will ask the Court to approve a payment for attorneys' fees plus reimbursement of litigation costs and expenses. This amount shall not exceed $700,000 and will be paid from the Settlement Fund. The fees would pay Class Counsel for all work that they have performed in this action including filing papers, engaging in discovery, reviewing documents, and negotiating and overseeing the settlement.

**12. How do I tell the Court that I don't like the settlement?**

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement. You cannot object if you have opted out of the settlement.

If you did not submit an Opt-Out Statement and wish to object to the settlement, you must submit a completed Claim Form with a written objection statement to the Settlement Administrator on or before [insert date that is 30 days after the first date on which the Claims Administrator mailed any Class Notice]. The written objection must (1) sate your objection, such as "I object to the settlement in the St. Camillus wage case"; (2) contain all reasons for the objection; (3) contain your name, address, and telephone number; and (4) include your signature. The written objection must be submitted via mail, email, or fax to the following:

ADMINISTRATOR
Address
e-mail
fax

If you wish to present your objection at the Fairness Hearing described below, you must state your intention to do so in your written objection. Your objection will not be heard unless it is received by the Settlement Administrator on or before [insert date that is 30 days after the first date on which the Claims Administrator mailed any Class Notice].

The Claims Administrator will share your objection with Class Counsel and St. Camillus' counsel and file your objection statement with the Court. You may not object to the settlement if you mail a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

**13. What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you file a Claim Form. You will still be bound by the settlement if it is approved by the Court. Excluding yourself from the settlement ("opting-out") is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you. If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend. As long as you submit your written objection on time (see question 12), the Court will consider it. If you do attend the hearing, it is possible that you will not be permitted to speak unless you have timely objected in writing and notified the Court of your intention to appear at the Fairness Hearing.

**14. When and where will the Court decide whether to approve the settlement?**

The Fairness Hearing will take place at _____ \_\_\_.m on _____ 202\_\_, at _____. At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. You are not required to appear at the

Fairness Hearing, but you may attend if you have an objection or if you wish to be heard. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**15. Are there more details about the settlement?**

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the Settlement Agreement by asking for a copy by writing or contacting LaDonna M. Lusher, Esq. at (212) 943-9080, Virginia & Ambinder, LLP, 40 Broad Street, 7th Floor, New York, New York, 10004, www.vandallp.com, or Frank Gattuso, Esq., Gattuso & Ciotoli, PLLC, 7030 E. Genesee Street, Fayetteville, NY 13066, www.gclawoffice.com.