UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TAMMY LASKOWSKI, individually and
on behalf of all others similarly situated,

              Plaintiff,

         -v-                                    5:22-CV-799 (AJB/TWD)

ST. CAMILLUS NURSING HOME
COMPANY, INC. *et al.*,

              Defendants.
_____

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

On July 27, 2022, named plaintiff Tammy Laskowski, a Licensed Practical Nurse, filed this collective and class action alleging that defendants St. Camillus Nursing Home Company and St. Camillus Residential Health Care Facility (collectively "defendants") violated the Fair Labor Standards Act ("FLSA") and related state law by failing to properly compensate plaintiff and other similarly situated employees. Dkt. No. 1. The case was initially assigned to Senior U.S. District Judge David N. Hurd, who granted plaintiff's motion to amend her pleading and certified a class of:

> all current and former employees of St. Camillus Health and Rehabilitation Facility who worked as Licensed Practical Nurses, Nursing Assistants, Personal Care Assistants, Registered Nurses and other personal care support employees in the [S]tate of New York from July 27, 2016 to the present.

*Laskowski v. St. Camillus Nursing Home Co.*, 2024 WL 4132198, at *10 (N.D.N.Y. Sept. 10, 2024); *see also* Dkt. No. 47. Thereafter, plaintiff filed her amended complaint, Dkt. No. 48,

defendants answered, Dkt. No. 49, the case was reassigned to this Court, Dkt. No. 52, and the parties settled the matter in mediation, Dkt. No. 78.

On August 29, 2025, named plaintiff moved for preliminary approval of the proposed settlement and an order directing notice to the proposed settlement class. Dkt. No. 88. The motion is unopposed. *See id.*

Upon consideration of named plaintiff's memorandum of law and supporting exhibits, and after reviewing the Settlement Agreement and the Class Notice materials, Dkt. Nos. 88-2–88-4, it is

ORDERED that

1. The unopposed motion for preliminary approval of the collective and class action settlement (Dkt. No. 88) is GRANTED;

2. The proposed Settlement Class[1] shall consist of:

> all current and former employees of St. Camillus Health and Rehabilitation Facility who worked as Licensed Practical Nurses, Nursing Assistants, Personal Care Assistants, Registered Nurses, and other personal care support employees in the State of New York between July 27, 2016 and May 28, 2024, and who do not timely opt-out of this settlement in accordance with Section 2.4 of the Settlement Agreement;

4. The proposed FLSA Collective shall consist of:

> all current and former employees of St. Camillus Health and Rehabilitation Facility who worked as Licensed Practical Nurses, Nursing Assistants, Personal Care Assistants, Registered Nurses, and other personal care support employees in the State of New York between July 27, 2019 and May 28, 2024, and who do not timely opt-out of this settlement in

---

[1] Capitalized terms not otherwise defined in this Order shall have the definitions assigned to them in the Settlement Agreement.

accordance with Section 2.4 of the Settlement Agreement;

5. Within ten (10) days following the entry of this Order, defendants shall provide the Settlement Administrator with a Class List that contains the names (first and last), last known mailing addresses, e-mail addresses, dates of employment(s), and social security numbers (for skip trace purposes only) for each Settlement Class Member;

6. Within thirty (30) calendar days following the entry of this Order, the Settlement Administrator shall distribute to Settlement Class Members the Proposed Settlement Notice, the Proposed Claim Form, and Form W-9 via e-mail and United States First Class Mail, postage pre-paid, in accordance with the terms of the Settlement Agreement;

7. Any Class Member who elects to opt out of the Settlement Agreement must submit an "Opt-Out Statement" to the Settlement Administrator.  To be effective, the Opt-Out Statement must be submitted to the Settlement Administrator on or before the 60th day after the date on which the Settlement Administrator first mailed any Class Notice.  Named plaintiff's counsel shall file all such Opt-Out Statements with the Court with its Motion for Final Approval in advance of the Fairness Hearing;

8. Any Class Member who elects to present objections to the Settlement Agreement at the Fairness Hearing must first submit a completed Claim Form with a written objection statement to the Settlement Administrator.  To be effective, the written objection must be submitted to the Settlement Administrator on or before the 30th day after the date on which the Settlement Administrator first mailed any Class Notice.  Named plaintiff's counsel shall file with the Court all such objections received with its Motion for Final Approval in advance of the Fairness Hearing;

9. Any Class Member who has submitted an Opt-Out Statement may NOT submit objections to the settlement;

10. The Proposed Settlement Notice is the only notice required, constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Class Members in compliance with the requirements of due process and applicable federal and state law, the U.S. Constitution, and any other applicable law;

11. If the Settlement Agreement does not receive final Court approval, the Parties will be returned to their respective positions existing immediately prior to the execution of the Settlement Agreement, this Order will become null and void, and this Order shall not be considered in evidence;

12. Plaintiff shall submit a Motion for Final Approval, as well as any related motions for fees, costs, or a service award, no later than **January 28, 2026**;

13. A Fairness Hearing regarding final approval of the Settlement Agreement, as well as any related motions, will be held in the 3rd floor courtroom of the U.S. Courthouse in Utica, New York, on **February 12, 2026 at 10:00 AM**; and

14. The date and time of the Fairness Hearing shall be set forth in the Class Notice, but the Fairness Hearing may be adjourned or held remotely without further notice other than that which may be posted by the Court in a public location.

The Clerk of the Court is directed to terminate the pending motion and set deadlines accordingly.

**IT IS SO ORDERED.**

Dated: October 1, 2025
Utica, New York.

Anthony J. Brindisi
U.S. District Judge